UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMMAR HARRIS, | Case No. 2:22-cv-00293-CDS-NJK |
| Plaintiff, | ORDER |
| v. | |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

I.  **DISCUSSION**

On June 2, 2022, the Court issued a screening order permitting one claim to proceed and dismissing some claims with leave to amend and some claims with prejudice. ECF No. 14. The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of the complaint. *Id.* at 12. The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on the Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants William F., Cabrera, and Doe nurses when Plaintiff learns their identities and against Defendants Daniels, Williams, Minev, and Johnson for injunctive relief only. *Id.* at 12-13. Plaintiff did not file an amended complaint. Pursuant to the screening order, this action will proceed on the Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants William F., Cabrera, and Doe nurses when Plaintiff learns their identities and against Defendants Daniels, Williams, Minev, and Johnson for injunctive relief only.

Plaintiff also filed a motion to supplement pleadings (ECF No. 16), an objection to the screening order (ECF No. 17), a motion for temporary restraining order ("TRO") (ECF No. 18), and a motion to compel (ECF No. 19). The Court now addresses these motions.

A.  **Objection to Screening Order (ECF No. 17)**

In the screening order, the Court denied Plaintiff's request for a class action lawsuit on the grounds that a *pro se* litigant cannot bring a class action lawsuit because a *pro se* litigant does

not have the authority to represent anyone but himself. ECF No. 14 at 2. Plaintiff objects and argues that the Court needs to appoint class action counsel under Federal Rule of Civil Procedure 23(c)(1)(B). ECF No. 17 at 2.

The Court denies Plaintiff's objection. There is no right to appointed counsel in civil cases. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Additionally, as discussed in the screening order, Plaintiff cannot bring a class action lawsuit *pro se*. Although FRCP 23(c)(1)(B) and 23(g) discuss the appointment of class counsel, Plaintiff misunderstands the rule. The rule "provides that once the Court has determined that a case may proceed as a class action, it also orders that one of the attorneys already appearing in the case as a representative of a named plaintiff is appointed to represent the entire class." *Lyons v. United States*, No. 2:17-CV-2262-JAD-NJK, 2018 WL 1939329, at *2 (D. Nev. Apr. 3, 2018), report and recommendation adopted, No. 2:17-CV-2262-JAD-NJK, 2018 WL 1932878 (D. Nev. Apr. 24, 2018). FRCP 23 does not mandate appointment of counsel for *pro se* litigants to bring class actions. *Id.*; *see also Olmos v. Ryan*, No. 10-CV-2564-PHX-GMS, 2012 WL 1580555, at *2-3 (D. Ariz. May 4, 2012).

### B.   Motion to Supplement (ECF No. 16)

Plaintiff files a motion to supplement pleadings under FRCP 15(d). ECF No. 16.

Pursuant to FRCP 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Supreme Court has held that FRCP 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964). "While leave to permit supplemental pleading is 'favored,'... it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

The Court denies Plaintiff's motion to supplement the pleadings because Plaintiff's proposed document is not a supplemental pleading. Plaintiff submitted his original complaint on February 16, 2022. ECF No. 1-1. Plaintiff's proposed supplemental pleading attempts to make more allegations against Defendant William F. for events that took place in October 2021. *See* ECF No. 16 at 2. This is not a supplemental pleading. Additionally, the proposed pleading tries to state a claim against the NDOC. *See id.* However, Plaintiff cannot sue the NDOC because the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

To the extent that Plaintiff is attempting to submit exhibits (*see* ECF No. 16 at 3-46), his attempt is premature because this case is still in the pre-service screening stage. Plaintiff should wait to submit exhibits until it is procedurally applicable in this case.

      C.      Motion for TRO (ECF No. 18)

Plaintiff also filed a motion for TRO because he is "currently suffering pain and atrophy on his right side, physical therapy is needed to prevent permanent injury." ECF No. 18 at 1.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motion for TRO. Plaintiff's one line about his medical needs is insufficient to demonstrate that he will suffer irreparable harm in the absence of preliminary relief.

///

### D. Motion to Compel (ECF No. 19)

Plaintiff files a motion to compel the prison's law clerk to e-file his documents. ECF No. 19. The Court denies the motion because all the documents that Plaintiff is concerned with have been filed this Court including the motion to supplement pleading and objection to screening order.

## II. CONCLUSION

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order (ECF No. 14), this action will proceed on the Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants William F., Cabrera, and Doe nurses when Plaintiff learns their identities and against Defendants Daniels, Williams, Minev, and Johnson for injunctive relief only.

It is further ordered that given the nature of the claim(s) that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. **During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so**. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

It is further ordered that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A

compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed *in forma pauperis*. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Plaintiff needs a translator to participate in the mediation program, Plaintiff will file a notice identifying the translation language and the need for the translator within 30 days from the date of this order.

It is further ordered that the Clerk of Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve a copy of this order and a copy of Plaintiff's complaint (ECF No. 15) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office will advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

///

///

It is further ordered that the motion to supplement (ECF No. 16), the objection (ECF No. 17), the motion for TRO (ECF No. 18) and the motion to compel (ECF No. 19) are denied.

DATED this 14th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

AMMAR HARRIS,

                        Plaintiff

v.

CHARLES DANIELS et al.,

                        Defendants

Case No. 2:22-cv-00293-CDS-NJK

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

     On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

REPORT FORM

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

<u>Situation One: Mediated Case</u>: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check <u>**ONE**</u> of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_    A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_    A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

7

  ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

  ____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

  ____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

  ____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

  ____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

  ____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

  ____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, ____ by:

Attorney Name: _____     _____
         Print               Signature

Address: _____  Phone: _____
    _____
                   Email:

8