UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMMAR HARRIS,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, et al.,<br><br>  Defendants. | Case No. 2:22-cv-00293-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 78, 79] |

Pending before the Court are Plaintiff's motions for an order compelling disclosure or discovery, Docket No. 78, and to extend time to complete discovery, Docket No. 79. Defendants filed responses to each motion. Docket Nos. 83 (response to motion to compel); 84 (response to motion to extend). No replies are needed. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.  MOTION TO COMPEL**

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation

1

"promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Though the meet and confer requirement can normally only be satisfied by an in-person, telephone, or video conversation, when an incarcerated individual is appearing *pro se*, the requirement can be satisfied via written communication. Local Rule IA 1-3(f)(1).

Plaintiff submits that he sent a meet and confer letter to Defendants on February 12, 2023. Docket No. 78 at 2. Defendants submit that they never received Plaintiff's letter. Docket No. 83 at 3. The meet and confer requirement has, therefore, not been satisfied in this instance. Accordingly, the Court denies in part Plaintiff's motion to compel.[2]

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

[2] Plaintiff's motion seeks to compel, among other things, a more complete response to his Interrogatory No. 14. Docket No. 79 at 6. That interrogatory seeks information about the benefits and side-effects of the medication Duloxetine and how many inmates incarcerated in High Desert State Penitentiary currently receive Duloxetine. *Id*. Defendants responded to Plaintiff's Interrogatory No. 14 by providing Plaintiff with a link to a website with information about Duloxetine. *Id*. Plaintiff is incarcerated at High Desert State Penitentiary and, therefore, has no access to a computer or the Internet. *Id*. at 11. Accordingly, Defendants are **ORDERED** to provide Plaintiff with a printout of the information from the website link they provided in response to Plaintiff's Interrogatory No. 14.

## II.      MOTION TO EXTEND DISCOVERY

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

Plaintiff submits that good cause exists to extend discovery in this case because he has served numerous discovery requests during the time already allowed.[3] Docket No. 79 at 14. Plaintiff further submits that good cause exists to extend the discovery period because additional discovery remains to be completed despite his previous discovery requests. *Id.* at 14-15. Defendants submit that good cause does not exist to extend discovery because Plaintiff's motion has procedural defects and because, they submit, the discovery Plaintiff seeks is not relevant to the case. Docket No. 84 at 2-4. To the extent Plaintiff's motion does not fully comply with this Court's procedural requirements, the Court will, in its discretion and as a one-time courtesy to Plaintiff, waive those requirements <u>for this motion only</u>. Because the Court is ordering the parties to meet and confer on Plaintiff's discovery requests, the Court finds good cause exists to extend discovery in this case.

## III.      CONCLUSION

For the reasons more fully discussed above, Plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part. Docket No. 78. The parties are **ORDERED** to meet and confer regarding Plaintiff's issues with Defendants' discovery responses. Further, Defendants are

---

[3] The Court construes *pro se* filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

3

**ORDERED** to provide Plaintiff with a printout of the information at the website link provided in response to Plaintiff's Interrogatory No. 14.

Additionally, for the reasons more fully discussed above, Plaintiff's motion to extend discovery is **GRANTED**. Docket No. 79. The scheduling order is **MODIFIED** as follows:

| | |
|---|---|
| Discovery Cut-Off | June 20, 2023 |
| Dispositive Motions: | July 20, 2023 |
| Joint Pretrial Order: | August 21, 2023, 30 days after the resolution of dispositive motions, or further Court order. |

IT IS SO ORDERED.

Dated: April 5, 2023

_____
Nancy J. Koppe
United States Magistrate Judge