1

2

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

4

Ammar Harris,

Case No: 2:22-cv-00293-CDS-NJK

5

Plaintiff,

6

v.

**Order Denying Motion for a Pre-Trial Conference and Overruling Objections**

7

Charles Daniels, et al.,

[ECF Nos. 75, 77, 87]

8

Defendants

9

10

Pro se plaintiff Ammar Harris brings this civil-rights action under 42 U.S.C. § 1983 to

11

redress constitutional violations that he allegedly suffered while he was incarcerated by the

12

Nevada Department of Corrections (NDOC). He objects to two orders issued by Magistrate

13

Judge Nancy J. Koppe (ECF Nos. 77, 87) and moves for a pretrial conference (ECF No. 75). I first

14

address Harris's objections, which I overrule, and then I deny his motion for a pretrial

15

conference.

16

**I.      Harris's objections to the magistrate judge's orders are overruled.**

17

Harris objects to two different orders. First, he objects to the magistrate judge's order

18

denying his motion for appointment of counsel. ECF Nos. 74, 77. Second, Harris objects to the

19

magistrate judge's order denying his motions to amend. ECF Nos. 85, 87. This district's local

20

rules provide that any party wishing to object to a magistrate judge's order on a pretrial matter

21

must file and serve specific written objections, and the deadline to file and serve any objections

22

to a magistrate judge's order is 14 days after service of the order. LR IB 3-1. A district judge may

23

reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR

24

IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary

25

to law.

26

Harris timely filed both objections, but both fail to demonstrate that the magistrate judge committed clear error or that her decision was contrary to the law. Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even a liberal construction of Harris's objections, however, does not demonstrate that either order was clearly erroneous or contrary to the law.

      a.   *Harris's objection to the order denying his motion for appointment of counsel fails to demonstrate that the order commits clear error or contravenes the law.*

Harris objects to the denial of his motion for appointment of counsel by citing Federal Rule of Civil Procedure 17(c)(2) and various cases that discuss the competency of witnesses. But Harris fails to articulate how those rules or cases demonstrate that the magistrate judge's order was clearly erroneous or contrary to the law. Judge Koppe's order correctly found that appointment of counsel may be warranted in some cases when a plaintiff suffers a mental disability, but Harris's case history shows that he is able to litigate his case successfully, and he did not demonstrate a nexus between his "traumatic brain injury" and an inability to litigate his claims.[1] ECF No. 74 at 2.

Harris also poses a "question of law" to this court as to whether he may present affidavits regarding his competency and whether he may sign a legally binding agreement. *See* ECF No. 77 at 3. But this is an improper request for relief. A federal district court judge cannot advise pro se litigants or issue advisory opinions. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (requiring district courts to advise pro se litigants "would undermine district judges' role as impartial decisionmakers"); *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (Article III of the U.S. Constitution prevents "federal courts from issuing advisory opinions"). Thus, I cannot answer Harris's question. Further, Harris's request does not demonstrate that the magistrate judge's order was contrary to the law or clearly erroneous. Accordingly, I overrule Harris's objections and affirm Judge Koppe's order denying Harris's motion for appointment of counsel in full. ECF No. 74.

---

[1] His objections are further evidence of his ability to understand the rules and to continue proceeding pro se.

   b. *Harris's objection to the order denying his motion to amend fails to demonstrate that the order commits clear error or contravenes the law.*

  Harris objects to the order denying his motion to amend, but that objection also fails to demonstrate that the magistrate judge's order was clearly erroneous or contrary to law. Harris asserts that the magistrate judge "circumvented laws and rules to deny his ability to bring" claims in an unrelated case. ECF No. 87 at 3. But the objection does not identify what laws were circumvented or how, nor does it address how decisions in an unrelated case render the order in this case erroneous or contrary to the law. Moreover, the objection, much like the underlying filing, fails to address how the magistrate judge erred in denying amendment when Harris was ordered to file an amended complaint by July 5, 2022, and he failed to do. Harris is reminded that pro se litigants must still follow this district's local rules and the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). Accordingly, I overrule Harris's objections and affirm Judge Koppe's order denying Harris's motion to amend in full. ECF No. 87.

## II. Harris's motion for pre-trial conference is denied.

  Harris also moves for a pre-trial conference. ECF No. 75. This district's local rules state that unless ordered otherwise, the court will not conduct a pre-trial conference. LR 16-2. They also provide that a "party may at any time make a written request for a pretrial conference to expedite disposition of any case, particularly one that is complex or in which there has been delay." *Id.* But Harris does not identify any particular complexity or delay in this case that might warrant a pre-trial conference. *See generally* ECF No. 75. He does, however, request the conference for purposes of "facilitating settlement, obtaining admissions and stipulations[,] . . . and scheduling the filing of any pretrial briefs." *Id.* at 1. I thus direct the parties to meet and confer regarding potential settlement of this action or to create a joint pre-trial statement that sets forth the information required by Local Rules 16-3(b) and 16-4.

III.     Conclusion

IT IS THEREFORE ORDERED that Harris's motion for a pre-trial conference [ECF No. 75] is denied without prejudice.

IT IS FURTHER ORDERED that Harris's objections [ECF No. 77] to the magistrate judge's order denying his motion for appointment of counsel are overruled. The order [ECF No. 74] is affirmed in full.

IT IS FURTHER ORDERED that Harris's objections [ECF No. 87] to the magistrate judge's order denying his untimely motion for amendment to the complaint are overruled. The order [ECF No. 85] is affirmed in full.

DATED: May 25, 2023

_____
Cristina D. Silva
United States District Judge