UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ammar Harris, <br><br> Plaintiff <br><br> v. <br><br> Charles Daniels, et al., <br><br> Defendants | Case No: 2:22-cv-00293-CDS-NJK <br><br> **Omnibus Order Resolving Pending Motions** <br><br> [ECF Nos. 98, 106, 113, 114, 119, 124, 125] |

Pro se plaintiff Ammar Harris brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated by the Nevada Department of Corrections (NDOC). *See generally* ECF No. 15. He filed a motion for summary judgment and motion to modify his motion for summary judgment. ECF Nos. 98, 119. Defendants Charles Daniels, Jaymie Cabrera, Calvin Johnson, Michael Minev, and Brian Williams also move for summary judgment. ECF No. 106.

Also pending are objections to an order issued by Magistrate Judge Nancy J. Koppe (ECF No. 113), a motion to "waive privacy" (ECF No. 114), and a motion for a preliminary injunction and temporary restraining order (ECF Nos. 124, 125).

I.     Relevant background

The parties are familiar with the facts of this case. I only address relevant background information to this order.

Harris suffers from right upper and lower spasticity as a result of an injury he sustained while housed at Ely State Prison. Medical Records Submitted Under Seal, Defs.' Ex. A, ECF No. 103-2 at 2. In October 2021, prison officials sent Harris to Las Vegas Neurology Center (LVNC) to be examined for traumatic brain injury, headaches, and syncope. ECF. No. 1-1 at 6. His doctor created a medical plan consisting of treating Harris with 50 mg of Lyrica for pain and physical

therapy and Botox for Harris' spasticity. *Id.* The NDOC followed all recommendations except Botox, and scheduled appointments for Harris for the recommended tests. Medical Records Submitted Under Seal, Defs.' Ex. A, ECF No. 103-2 at 7–8, 11–15, 17, 20–24, 27–29, 37–48. However, Harris has missed several of these appointments—including a physical therapy evaluation—because he refused to transport. *Id.* at 16, 21, 27–29.

On February 8, 2022, Harris filed an emergency grievance regarding the lack of medical care following his October 19th appointment at LVNC. Emergency Grievance, Defs.' Ex. B, ECF No. 106-2. In the emergency grievance, Harris sought "Lyrica medication, physical therapy, declaratory relief, [and] injunctive relief." *Id.* at 3. The grievance was denied the same day. *Id.* at 2. The grievance form indicates that "[a] formal grievance may be pursued in the event the inmate disagrees." *Id.*

Harris filed a complaint in February of 2022, suing multiple defendants, seeking declaratory and injunctive relief. ECF No. 1-1. In June of 2022, this court performed a mandatory screening and allowed Harris to proceed on one Eighth Amendment deliberate indifference to serious medical need claim against defendants. ECF No. 14.

Months later, on October 10, 2022, Harris filed an informal grievance regarding his medical treatment. Grievance History, Defs.' Ex. C, ECF No. 106-3 at 7. On October 21, 2022, an early mediation conference was held but no settlement was reached. ECF No. 28. Only after the meditation conference, and well after commencing suit, did Harris attempt to proceed through the formal grievance process. *See* Inmate Grievance History, Defs.' Ex. C, ECF No. 106-3 at 7 (Harris indicates that he is "proceeding to the next level.").

II.     Analysis

    A.  **Harris' objection to the magistrate judge's order is overruled.**

Harris objects Magistrate Judge Koppe's order denying his motion for appointment of counsel. ECF No. 113. This district's local rules provide that any party wishing to object to a magistrate judge's order on a pretrial matter must file and serve specific written objections, and

the deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order. LR IB 3-1(a). A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *Id*.

Harris timely filed his objection but failed to demonstrate that Magistrate Judge Koppe committed clear error or that her decision was contrary to the law. Rather, the entirety of his motion is one paragraph, which states: "Plaintiff hereby objects to this court liberally construed factual determination of ECF No. 96 and request[s] additional review by Judge Silva pursuant to LR IB 3-1." ECF No. 113. But Harris fails to demonstrate how Judge Koppe's decision violated Local Rule IB 3-1, that is, it fails to show how her order was "clearly erroneous or contrary to law." LR IB 1-3. The motion also fails to include specific, written objections as required by LR IB 1-3. *Id*. Though Harris cited the local rule that allows me to review and reconsider a magistrate judge's order, even a liberal construction of Harris' objection does not demonstrate that the order either was clearly erroneous or contrary to the law. While I am not required to conduct a de novo review of the magistrate judge's decision because Harris failed to provide specific written objections, I nonetheless conduct a de novo review and agree with her findings. Magistrate Judge Koppe correctly determined that Harris can competently represent himself in this matter as the case history shows that he is able to litigate his case successfully. ECF No. 99. Accordingly, I overrule Harris' objection and affirm Magistrate Judge Koppe's order denying Harris' motion for appointment of counsel in full.

**B. Harris' motion to waive privacy is denied.**

In July 2023, I granted defendants' motion to file Harris' medical records under seal. ECF No. 105. Harris then moved "to waive privacy." ECF No. 114. In the motion, Harris stated that he waives his "privacy protection" pursuant to Federal Rule of Civil Procedure 52(h) and the Health Insurance Portability and Accountability Act (HIPPA), and that he requests defendants file medical related information without redaction and not under seal. ECF No. 114 at 1.

I liberally construe[1] his motion to be a motion to reconsider my decision to allow defendants to file his medical records under seal. Defendants oppose the motion, arguing that Harris has failed to set forth a basis for reconsideration. ECF No. 116. I agree.

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration. Valid grounds include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)). Further, motions for reconsideration are improper if used "to ask the [c]ourt to rethink what the [c]ourt had already thought through—rightly or wrongly." *Ramsey v. Arizona*, 2006 WL 2711490, at *1 (D. Ariz. Sept. 21, 2006) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)).

Here, as defendants point out, even liberally construing the motion, Harris failed to identify any newly discovered evidence, failed to allege a clear error or manifest injustice, and failed to allege an intervening change in law. *See generally* ECF No. 114. And none of the authorities Harris cites support reconsideration.[2] That is likely because plaintiffs have a right to

---

[1] Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[2] *Hudson v. Palmer* pertains to inmates' reasonable expectation of privacy in their cell. 468 U.S. 517 (1984). *Benson v. Terhune* pertains to inmates' right to informed consent. 304 F.3d 874 (9th Cir. 2002). And *Powell v. Schriver* pertains to inmate medical records, holding that prisoners have a privacy right of confidentiality in their medical conditions that, if disclosed, are likely to provoke hostility and intolerance from others. 175 F.3d 107 (2d Cir. 1999).

privacy in the confidentiality of their medical records. *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995). The right to privacy is not a recognized privilege, nor it is an absolute bar to discovery. Rather, the Ninth Circuit has recognized that the right to privacy is subject to the balancing of needs. *See Seaton v. Mayberg*, 610 F.3d 530, 539 (9th Cir. 2010). Here, the NDOC has established administrative regulations that, in part, prevent inmates from accessing other inmates' medical records. *See* AR 639.02(2) ("Offenders are only allowed access to their medical file, and will not be allowed access to any other offender's medical record."). Granting Harris' requested relief would undermine the aforementioned AR. In addition to finding no basis for reconsideration, I also find there is insufficient reason to undermine the AR. Harris still has access to his medical records. If he is denied access to the records after following the proper procedure to review them, he may file a motion with the court. Accordingly, Harris' motion to waive privacy is denied.

### C. Defendants' motion for summary judgment is granted.

Defendants move for summary judgment, arguing that summary judgment is appropriate because Harris failed to properly exhaust administrative remedies, and because he failed to state a claim upon which relief can be granted. ECF No. 106. The record shows that Harris failed to exhaust his administrative remedies, so I grant summary judgment in favor of defendants.

#### 1. *Legal standard*

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in the Federal Rules of Civil Procedure 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248–49 (1986). A fact is material if it could affect the outcome of the case. *Id.* at 249. At the summary-judgment stage, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322.

### 2. *Summary judgment is appropriate because Harris did not exhaust his administrative remedies.*

Because Harris is a prisoner suing over the conditions of his confinement, the Prison Litigation Reform Act (PLRA) applies to this action. 42 U.S.C. § 1997e(a). "In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the [PLRA]." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 42 U.S.C. § 1997e). Under the PLRA, a prisoner may not file any section 1983 civil rights suit unless they have first exhausted the administrative remedies at the facility. 42 U.S.C. § 1997e(a); *Rodriguez v. Cnty. Of Los Angeles*, 891 F.3d, 776, 792 (9th Cir. 2018). The exhaustion requirement gives an agency the opportunity to correct its own mistakes before being dragged into federal court, and it promotes greater efficiency and economy in resolving claims. *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). However, "a prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident." *Rodriguez*, 891 F.3d at 792 (citing *McBride*, 807 F.3d at 987). Exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

In Nevada, the remedies available to inmates are promulgated under Nevada Department of Corrections Administrative Regulation 740 (AR 740). AR 740's purpose is to "set forth the

1 requirements and procedures of the administrative process that [Nevada Department of
2 Corrections (NDOC)] inmates must utilize to resolve addressable grievances and claims
3 including . . . any [] tort or civil rights claim relating to conditions of confinement." *Welch v.*
4 *Liggett*, 2023 WL 158603, at *3 (D. Nev. Jan. 11, 2023). "An inmate whose grievance is denied in its
5 entirety may appeal the grievance to the next level." *Id*. The grievance structure is essentially a
6 multi-level dispute resolution mechanism, under which an inmate must satisfy each level's
7 substantive and procedural requirements before filing a higher-level grievance. *Id*. It requires
8 inmates to first pursue resolution via alternative means, "such as discussion with staff or
9 submitting an inmate request form." *Id.* Once an inmate has exhausted alternative means, he may
10 file an informal grievance. *Id*. If that fails to provide the requested relief, the inmate may file a
11 first-level grievance, and if that fails, a second-level grievance. *Id*. An inmate exhausts his
12 administrative remedies either after a denial of the second-level grievance, or "if the [g]rievance
13 is '[g]ranted' at any level." *Id*.

14       Harris failed to fully exhaust his administrative remedies prior to filing the instant suit.
15 Specifically, Harris only filed one grievance pertaining to his medical treatment plan, that is the
16 February 8, 2022, emergency grievance, which he failed to appeal. *See* Emergency Grievance,
17 Defs.' Ex. B, ECF No. 106-2; *see also* Inmate Grievance History, Defs.' Ex. C, ECF No. 106-3; ECF
18 No. 15. This action was filed on February 16, 2022, eight days after filing his emergency
19 grievance. Harris did not file another grievance about his medical treatment plan until October
20 2022. *See* Inmate Grievance History, Defs.' Ex. C, ECF No. 106-3 at 7–8; Grievance 2006-31-34-
21 197, Defs.' Ex. A, ECF No. 117-1 at 2. Although Harris appealed this grievance, the grievance and
22 appeal occurred months after he filed this action. In Nevada, administrative exhaustion requires
23 an inmate to appeal a denied first-level grievance, and if that fails, to file a second-level grievance
24 *before* filing suit. AR 740. Harris failed to meet this requirement.

25       In opposition to defendants' motion for summary judgment, Harris states that he did
26 exhaust his administrative remedies and that "defendants are in violation by failing to produce

actual grievances but provided selective summaries." ECF No. 115 at 2. The court notes that defendants did attach his emergency grievance and grievance history to their motion for summary judgment. *See* Emergency Grievance, Defs.' Ex. B, ECF No. 106-2; Grievance History, Defs.' Ex. C, ECF No. 106-3 at 7–8. Then, in their reply to Harris' opposition, defendants filed the actual grievances. *See* Grievance 2006-31-34-197, Defs.' Ex. A, ECF No. 117-1. In reviewing this documentation, there is no evidence that Harris properly exhausted prior to filing suit. *See* Emergency Grievance, Defs.' Ex. B, ECF No. 106-2; Grievance History, Defs.' Ex. C, ECF No. 106-3 at 7–8; Grievance 2006-31-34-197, Defs.' Ex. A, ECF No. 117-1. Thus, this information undermined Harris' only argument in his attempt to overcome defendants' argument that he failed to properly exhaust. Because Harris is pro se, I conducted an independent assessment of the record, I also note that there is no evidence nor suggestion that the administrative remedies were effectively unavailable to Harris as a matter of law. Indeed, the prison duly provided a response with a justification for each of Harris' denied grievances, and there is no evidence that suggests he would have been unable to properly appeal and exhaust the remaining steps of the process. *See* Emergency Grievance, Defs.' Ex. B, ECF No. 106-2; Grievance History, Defs.' Ex. C, ECF No. 106-3 at 7–8; Grievance 2006-31-34-197, Defs.' Ex. A, ECF No. 117-1. Consequently, I find that Harris has not exhausted his administrative remedies and that summary judgment is thus appropriate.

Because I find that Harris' claim is barred by the PLRA, I do not address defendants' remaining arguments and grant their motion for summary judgment for failure to exhaust administrative remedies.

### D. Harris' motion for summary judgment and/or declaratory judgment is denied, and the motion to modify or correct his motion for summary judgment is stricken.

Harris filed a motion for summary judgment and/or declaratory judgment on June 23, 2023, and approximately one month later, filed a motion to modify the motion. ECF Nos. 98, 119. The motions are fully briefed. ECF Nos. 101, 112, 121, and 122.

#### 1. *The court denies Harris' motion for summary judgment.*

Harris claims that summary judgment is appropriate for his American with Disabilities Act (ADA) and Rehabilitation Act (RA) claim. ECF No. 98 at 13–22. However, his ADA/RA claim was dismissed without prejudice with leave to amend. *See* ECF No. 14 at 10. Harris did not timely amend his complaint and so his ADA/RA claim did not move forward. ECF No. 85. Consequently, Harris's motion for summary judgment is denied as moot.

Harris also argues summary judgment is appropriate for his deliberate indifference to serious medical needs claim. ECF No. 98 at 13–22. Defendants argue that Harris' deliberate indifference claim fails because he failed to properly exhaust before filing suit. ECF No. 101 at 5–6. As discussed above, the record shows Harris failed to properly exhaust under the PLRA, so I granted summary judgment in favor of defendants. For that reason, Harris' motion for summary judgment on his deliberate indifference claim for relief is denied.

#### 2. *The court strikes Harris' motion to modify or correct his summary judgment motion.*

"A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." LR 7-2(g). Here, Harris did not request leave of court, but rather filed what appears to be a supplemental motion to his still-pending motion for summary judgment. *See* ECF No. 119. While Harris is unrepresented in this matter, I remind him that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Because he did not seek leave of court, his motion to modify is improperly filed so I strike the filing as violative of this district's local rules.

### E. Harris' motions for a temporary restraining order and preliminary injunction are denied.[3]

Harris also filed a motion for a temporary restraining order (TRO) and a motion for a preliminary injunction asking the court to grant preliminary relief requiring defendants to "arrange for an examination and execute a plan of treatment or execute [the doctor's] medical plan[.]" ECF No. 124 at 3. Defendants oppose the motions, arguing that Harris failed exhaust his administrative remedies and failed to meet the burden necessary to warrant a preliminary injunction or TRO. ECF No. 127. Having already determined that Harris failed to properly exhaust under the PLRA and granted summary judgment in favor of defendants, I deny his motion for injunctive relief as moot. I note that even if the motion was not, he would be unable to succeed on the merits.

## III.   Conclusion

IT IS HEREBY ORDERED that:

1. Harris' objection to the magistrate judge's order **[ECF No. 113] is OVERRULED.** The magistrate judge's order denying Harris's motion for appointment of counsel **[ECF No. 99] is affirmed in full**;

2. Harris' motion to waive privacy **[ECF No. 114] is DENIED**;

3. Defendants' motion for summary judgment **[ECF No. 106] is GRANTED**;

---

[3] Harris filed a single motion titled "Emergency Motion for Preliminary Inju[n]ction / Temp[o]rary Rest[r]aining Order." Under Local Rule IC 2-2(b), that filing was docketed as two separate entries: ECF No. 125 (preliminary injunction) and ECF No. 124 (temporary restraining order). Both docket entries are thus identical. Because the criteria for granting a temporary restraining order and a preliminary injunction are "substantially similar," *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), I discuss them together as "injunctive relief" and cite only ECF No. 124, rather than both 124 and 125. Similarly, I discuss defendants' oppositions together and cite only ECF No. 127, rather than both 127 and 128.

4. Harris' motion for summary judgment and/or declaratory judgment **[ECF No. 98] is DENIED**;

5. Harris' motion to modify or correct his motion for summary judgment **[ECF No. 119] is STRICKEN**;

6. Harris' motion for a temporary restraining order **[ECF No. 124] is DENIED as moot**; and

7. Harris' motion for preliminary injunction **[ECF No. 125] is DENIED as moot**.

Dated: January 12, 2024

_____
Cristina D. Silva
United States District Judge